## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SHANNON BROWN                                    CIVIL ACTION

VERSUS                                           NO.  08-0896

TERRY TERRELL, WARDEN                            SECTION "D"(2)


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Shannon Brown, is incarcerated in the Allen Correctional Center in Kinder, Louisiana.[2]  On July 23, 2002, Brown was charged by bill of information in Jefferson Parish with one count of possession of heroin and one count of possession of cocaine.[3]  The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case as follows:

> Agent William Meetze testified that he is assigned to the Jefferson Parish Sheriff's Office Narcotics Division.  On June 26, 2002, he received information that two black men in an orange or rust-colored Ford Thunderbird would be going to the Siesta Motel in Marrero with crack cocaine and a large sum of money.  One of the men was described as wearing an "afro" hairstyle, and the other wore his hair in "corn rows."  On the basis of this information, surveillance was set up in the parking lot of the motel, located at 5353 Westbank Expressway.
>
> Agent Meetze testified that he and other officers watched the premises for thirty to forty-five minutes before a car meeting the description entered the parking lot.  The car's driver was a white man, and there were two black male passengers both fitting the descriptions given. The car stopped in the parking lot, and it appeared to Agent Meetze that the driver intended to drop off the passengers.  Agent Meetze and the assisting agents, who were wearing raid jackets, badges and guns, approached the men for questioning.
>
> The officers moved in as the front seat passenger, Shannon Brown (defendant), and the rear seat passenger, Ronald Barnes, exited the car. They did not attempt to flee.  Agent Meetze discovered a plastic bag on the ground near the passenger side of the car.  It contained white powder and some rocks of crack cocaine.  After retrieving the bag, Agent Meetze placed the men, including the driver, under arrest.  He then searched the

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 7/23/02.

inside of the Thunderbird and recovered $1,454.00 in cash from the floorboard in the front passenger area of the car.

Agent Dennis Lynch testified at trial that he searched defendant incident to arrest. Defendant wore cargo style pants with several pockets. In one pocket, Lynch found two aluminum foil packets containing an off-white powder substance. In other pockets, Lynch found off-white rocks. Three syringes, a two-dollar bill, and a packet of Kool-Aide brand pink lemonade mix were also recovered.

Agent Meetze testified that he advised defendant of his <u>Miranda</u> rights, and that he had defendant complete and sign a rights of arrestee form. Defendant then agreed to waive his rights and answer questions. He did not, however, allow the officer to tape record his statements. Defendant told Agent Meetze that he and Ronald Barnes had asked the driver, Perrin, to give them a ride and that Perrin had no knowledge of the drugs or the money. Agent Meetze also testified that defendant admitted the drugs belonged to him. Perrin was released based on defendant's statement.

The State and the defense stipulated that the evidence seized by the officers tested positive for cocaine and heroin.

(footnote omitted) <u>State v. Brown</u>, 892 So.2d 45, 47 (La. App. 5th Cir. 2004); State

Record Volume 1 of 3, Louisiana Fifth Circuit Opinion, 04-KA-882, December 14, 2004.

Brown was tried before a jury on August 28, 2003, and he was found guilty as

charged on both counts. [4]  On October 3, 2003, the state trial court sentenced him to

concurrent terms of ten (10) years in prison for possession of heroin and five (5) years

in prison for possession of cocaine.[5] The court also denied Brown's motions for new trial

---

[4]St. Rec. Vol. 1 of 3, Trial Minutes, 8/23/03; Verdict, 8/28/03; St. Rec. Vol. 2 of 3, Trial Transcript, 8/23/03.

[5]St. Rec. Vol. 1 of 3, Sentencing Minutes, 10/3/03; St. Rec. Vol. 2 of 3, Sentencing Transcript, 10/3/03.

and for reconsideration of the sentence.[6]  The State filed a multiple bill to which Brown pleaded not guilty.[7]

The state trial court held a multiple bill hearing on November 13, 2003, at which time Brown entered a plea of guilty to being a third offender.[8]  The state trial court vacated the original sentence on the possession of heroin charge and re-sentenced Brown as a third offender to serve 15 years in prison on that charge.[9]

On direct appeal, Brown alleged that the state trial court erred in denying his motion to suppress evidence seized as a result of an allegedly illegal arrest.[10]  On December 14, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction, finding no merit in the asserted ground for relief.[11]  The appellate court also remanded the matter for the limited purpose of informing Brown of the post-conviction delays.  The state trial court complied with the remand order on December 22, 2004.[12]

---

[6]St. Rec. Vol. 1 of 3, Sentencing Minutes, 10/3/03; St. Rec. Vol. 1 of 3, Motion for New Trial, 10/3/03; Motion to Reconsider Sentence, 10/3/03.

[7]St. Rec. Vol. 1 of 3, Multiple Bill, 10/3/03; Response to Multiple Bill, 10/3/03.

[8]St. Rec. Vol. 1 of 3, Sentencing Minutes, 11/13/03; Waiver of Rights - Plea of Guilty Multiple Offender, 11/13/03; St. Rec. Vol. 2 of 3, Multiple Bill Hearing Transcript, 11/13/03.

[9]St. Rec. Vol. 1 of 3, Sentencing Minutes, 11/13/03.

[10]State v. Brown, 892 So.2d at 48; St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 04-KA-882, 12/14/04; St. Rec. Vol. 2 of 3, Appeal Brief, 2004-KA-0882, 8/4/04.

[11]State v. Brown, 892 So.2d at 48; St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 04-KA-882, 12/14/04.

[12]St. Rec. Vol. 1 of 3, Notice of Prescriptive Period for Post-Conviction Relief, 12/22/04.

On January 4, 2005, Brown submitted a motion for extension of time to file a writ application, which was received by the Louisiana Supreme Court on January 11, 2005.[13] He later submitted the writ application which was file stamped on May 17, 2005.[14] The prior motion for extension of time was attached to the application and filed with it without a ruling.[15] The Louisiana Supreme Court denied the writ application without reasons on April 28, 2006.[16]

Almost six months later, on January 11, 2007, Brown submitted an application for post-conviction relief, which was filed in the state trial court on January 25, 2007.[17] He raised two grounds for relief: (1) illegal arrest based on inaccurate information from a confidential informant, whose reliability was not established, requiring that the evidence and the petitioner's statements should have been suppressed; and (2) ineffective assistance of counsel for failure to raise a conflict between the investigative report of the Jefferson Parish Sheriff's Office and the testimony of the agent at the suppression hearing and trial.

---

[13]St. Rec. Vol. 3 of 3, Motion for Extension of Time, dated 1/4/05, received stamped 1/11/05 (attachment to writ application).

[14]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 05-KH-1274, 5/17/04 (signed 2/10/05, postmarked 2/11/05).

[15]Id.

[16]State ex rel. Brown v. State, 927 So.2d 278 (La. 2006); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2005-KH-1274, 4/28/06.

[17]St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 1/25/07 (signed 1/11/07).

5

On April 10, 2007, the state trial court denied the application as untimely filed more than two years after finality of the conviction pursuant to La. Code Crim. P. art. 930.8(A).[18]  Brown did not seek review of this ruling.

II.  FEDERAL HABEAS PETITION

On February 7, 2008, Brown filed a petition for federal habeas corpus relief in this court raising two grounds for relief:[19] (1) illegal arrest based on inaccurate information from a confidential informant, whose reliability was not established, requiring that the evidence and the petitioner's statements should have been suppressed; and (2) ineffective assistance of counsel for failure to raise a conflict between the investigative report of the Jefferson Parish Sheriff's Office and the testimony of the agent at the suppression hearing and trial.

The State filed a response in opposition to the petition arguing that the petition should be dismissed as untimely under federal law.[20]  The State also argues, in the alternative, that Brown has failed to exhaust state court remedies as to some of the claims raised.

---

[18]St. Rec. Vol. 1 of 3, Trial Court Order, 4/10/07.  At the time of his conviction, La. Code Crim. P. art. 930.8 provided a two-year period for a defendant to file for post-conviction relief in the state courts.

[19]Rec. Doc. No. 1.

[20]Rec. Doc. No. 17.

6

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.   The AEDPA went into effect on April 24, 1996[21] and

applies to habeas petitions filed after that date.   Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore

applies to Brown's petition, which, for reasons discussed below, is deemed filed in this

federal court on December 6, 2007.[22]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether the claims raised by the petitioner were adjudicated on

the merits in state court; i.e., the petitioner must have exhausted state court remedies and

---

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.   Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.   United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).   Brown's petition was filed by the clerk of court on February 7, 2008, when the filing fee was paid.   Brown did not date his signature on the petition or the memorandum.   He did, however, date his signature on the contemporaneously submitted pauper application on December 6, 2007.   Affording Brown every benefit, this is the earliest date on which he could have delivered the packet of pleadings to prison officials for mailing.   The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.   See Cousin, 310 F.3d at 843 (mailbox rule  applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20

(5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In this case, the State has raised the

defenses that the petition is not timely filed and, alternatively, that plaintiff's claims are

not fully exhausted.

IV.    FAILURE TO EXHAUST

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion

of all claims in state court prior to requesting federal collateral relief."  Whitehead v.

Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20

(1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419.

"A federal habeas petition should be dismissed if state remedies have not been exhausted

as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C.

§ 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas

claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor,

404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process," including discretionary review

when that review is part of the State's ordinary appellate review procedures.  O'Sullivan

v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79

(2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420).  It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court.  Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Brown must have fairly presented the same claims and legal theories he urges in this federal court to the state courts through to the Louisiana Supreme Court.  Brown's first federal claim alleges that his arrest was based on unconfirmed information received from an unreliable confidential informant, that the evidence seized in connection with his allegedly illegal arrest should have been suppressed, and that his post-arrest statements should have been suppressed. His second claim alleges ineffective assistance of counsel.

In his direct appeal, Brown challenged the denial of his motion to suppress the evidence and the reliability of the confidential informant.  The claims were denied as meritless.  The issue was also raised to the Louisiana Supreme Court in his subsequent, untimely writ application after his conviction was affirmed.  The writ application was

denied without reasons.  The court was nonetheless given the opportunity to review the claims at its discretion.

Brown's claims challenging the failure to suppress his statements and the ineffective assistance of his counsel were first raised in the state trial court in the application for post-conviction relief.  The state trial court denied relief finding the application untimely under La. Code Crim. P. art. 930.8.

The record demonstrates that Brown failed to seek review of the denial of his application for post-conviction relief, either in the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court, before pursuing federal habeas corpus relief. He therefore did not give the state appellate courts an opportunity to consider these claims or the application of the state procedural rule to bar review of the claims.

Therefore, Brown has failed to exhaust available state court remedies as to all of the claims raised in this petition.  See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420).  The record discloses no good cause for Brown's failure to exhaust, and I can find none in the record.  Rhines v. Weber, 544 U.S. 269, 278 (2005).  The petition is subject to dismissal without prejudice to require Brown to exhaust available state court remedies.  Pliler v. Ford, 542 U.S. 225, 233 (2004) (quoting Rose, 455 U.S. at 510); Whitehead, 157 F.3d at 387.  However, for the following reasons, the court finds that Brown's petition is not timely filed under the AEDPA and must be dismissed with prejudice for that reason.

V.    <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[23]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).

Brown appealed his conviction to the Louisiana Fifth Circuit Court of Appeal. The court affirmed Brown's conviction on December 14, 2004.  A state conviction is final for AEDPA limitations purposes at the conclusion of the original period for seeking direct review.  <u>Butler v. Cain</u>, 533 F.3d 314, 317 (5th Cir. Jun. 25, 2008) (citing <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); <u>see</u>

---

[23]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>> A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>> D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

also, McGee v. Cain, 104 Fed. Appx. 989, 991-992 (5th Cir. July 28, 2004).   Pursuant to La. S.Ct. R. X§5(a), an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the appellate court's judgment. *See also* La. Code Crim. Proc. art. 922(A).  Thus, Brown had until January 13, 2005, to file or mail his writ application to the Louisiana Supreme Court to continue the direct line of review.

Brown's subsequent writ application was postmarked on February 11, 2005, and file stamped by the clerk of the Louisiana Supreme Court three months later on May 17, 2005.[24]  Brown dated his signature on that writ application on February 10, 2005. Affording him every benefit, the court presumes that February 10, 1995, the date he signed the petition, was the earliest date on which he could have given the application to prison officials for mailing.  Having done so, the pleading clearly was not mailed or filed within the 30-day period between December 14, 2004, and January 13, 2005.

The United States Fifth Circuit Court of Appeals has made clear that a late filed Louisiana Supreme Court writ application does not act to continue the direct appeal process and therefore does not bear on the finality of a conviction.  Butler, 533 F.3d at 317.  Brown's writ application was not timely filed and did not impact the finality of his

---

[24]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 05-KH-1274, 5/17/05.

conviction. His conviction, therefore, became final on January 13, 2005, when the period for seeking timely review in the Louisiana Supreme Court expired.

Of some concern is the fact that, on January 11, 2005, the Louisiana Supreme Court received from Brown a request for extension of time to file the writ application. St. Rec. Vol. 3 of 3, Motion for Extension of Time, dated 1/4/05, received stamped 1/11/05 (attachment to writ application).  The court made no ruling on the motion, but it was later attached by the court to the writ application.  The meaning and significance of this to that court is unapparent from the record.

A member of my staff contacted the office of the clerk of court for the Louisiana Supreme Court to confirm the fact and the date that the motion for extension of time was received in the court.  The deputy clerk confirmed that the motion for extension of time was received on January 11, 2005.  Per their policy, the motion was held unfiled in the central staff's office for the purpose of attaching it to any related writ application which later may be received from Brown.  There was no ruling made on the motion and it was later attached to the writ application as if it were part thereof.

The question arising from this scenario is whether the motion for extension of time received January 11, 2005, and which was made part of the writ application, affects the filing date of the later-received writ application.  The precedent within the Fifth Circuit would tend toward an answer that it does not.

13

The Fifth Circuit has long recognized that La. S.Ct. R. X§5(a), which sets for the 30 days filing period, specifies that "[n]o extension of time therefor will be granted." The Fifth Circuit has repeatedly relied on this prohibition in refusing to consider untimely writ applications in finality and tolling calculations.  See Butler, 533 F.3d at 317 (La. S. Ct. R. X§5(a) forbids any extension of time); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000) (same); McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004) (same).  Based on this emphatic rule, there appears no legal basis to afford Brown any benefit from the filing of the motion for extension of time which was never addressed by the state court. There also is nothing in the record to suggest that the state courts considered the writ application to be timely.  For example, the Louisiana Supreme Court captioned and numbered the case as a post-conviction writ application. In addition, the Louisiana Fifth Circuit noted on its opinion that no writ applications were filed in the Louisiana Supreme Court.   In addition, the state trial court also denied Brown's application for post-conviction relief as untimely based on the finding that his conviction became final after the issuance of the Louisiana Fifth Circuit's opinion.

Thus, it appears that the date of finality of Brown's conviction was January 13, 2005.  Under a literal application of the statute, Brown had until January 13, 2006, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Brown alleges in the memorandum in support of his petition that his untimely filing should be excused because he was housed between December 28, 2004, and December 28, 2006, in the Tensas Parish Detention Center, the Bossier Parish Detention Center, and the Forcht/Wade Correctional Center, none of which had adequate libraries or available legal assistance. His arguments do not warrant equitable tolling.

First, the record shows that Brown was in the South Louisiana Detention Center in Basile, Louisiana, in December 2004, when the state trial court issued its notice regarding the post-conviction delays.[25]   He was still there in January 2005, when his

---

[25]St. Rec. Vol. 1 of 3, Notice of Prescriptive Period for Filing Post Conviction Relief, 12/22/04.

motion for extension of time was received by the Louisiana Supreme Court and when his writ application was filed by that court in May 2005.[26]  Contrary to his assertions, he was in the Allen Correctional Center when he submitted the application for post-conviction relief to the state trial court in January 2007.  He was still there when he submitted this federal petition in December of 2007. He has not alleged any concerns with the assistance available at these facilities.

Furthermore, the United States Fifth Circuit Court of Appeals has long held that "mere ignorance of the law or of statutes of limitation is insufficient to warrant tolling." Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000).  The Fifth Circuit has also recognized that the inadequacies of a prison law library system do not amount to extraordinary circumstances which would warrant equitable tolling under the AEDPA. Felder, 204 F.3d at 168.  Federal courts have also refused to allow equitable tolling when the alleged delay in filing is attributable to counsel, even inmate counsel.  See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); United States v. Samak, 2000 WL 557331 (E.D. La. 2000) (Schwartz, J.) (petitioner's Section 2255 motion to vacate was untimely in spite of claim that retained counsel missed the filing deadline imposed by the AEDPA).  A prisoner does not have an absolute constitutional right to counsel when seeking post-conviction review or collateral relief and alleged errors or delays by post

---

[26]St. Rec. Vol. 3 of 3, Motion for Extension of Time, 1/11/05; La. S. Ct. Letter, 2005-KH-1274, 5/17/05.

conviction counsel do not justify equitable tolling.  See Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002); U.S. v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002).  Thus, Brown is not entitled to equitable tolling as a result of allegedly insufficient library access or unavailability of inmate counsel.

Brown has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in court decisions.  See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

18

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea

19

is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

For the reasons discussed above, the one-year limitations period began to run in Brown's case on January 14, 2005, the day after his conviction is deemed final.  The limitations period ran uninterrupted for 365 days, until January 13, 2006, when it expired. Brown had no properly filed state post-conviction or other collateral review pending during that period.

As discussed above, Brown submitted a writ application in the Louisiana Supreme Court during that time period on February 10, 2005.  That filing, however, was untimely under La. S. Ct. R. X§5(a) because it was signed, postmarked, and filed more than 30 days after the Louisiana Fifth Circuit ruled on Brown's direct appeal.  <u>See</u> <u>Butler</u>, 533 F.3d at 317.  Under federal habeas corpus law, this untimely filing <u>cannot</u> be considered in the tolling calculation.  <u>Williams</u>, 217 F.3d at 309-11.

I also note that consideration of the Louisiana Supreme Court writ application in either the finality calculation or in a tolling calculation would not render Brown's federal petition timely.  I have reviewed the entire record and, as outlined in the procedural history, Brown allowed two separate periods (which together total more than one year)

to lapse in 2006 and 2007 during which he did not have any state court application for post-conviction relief or other collateral review of any kind pending in any state court which would have tolled the AEDPA one-year filing period.

Specifically, a period of 257 days lapsed between the April 28, 2006, denial of the untimely Louisiana Supreme Court writ application and January 11, 2007, when he submitted his application for post-conviction relief to the state trial court.[27]  Another 209 days lapsed between May 10, 2007, when the application for post-conviction relief was no longer pending,[28] and December 6, 2007, when this federal petition is deemed to have been filed under the mailbox rule.  Using these alternative numbers, the AEDPA statute of limitations would have expired by August 26, 2007, more than three months before Brown is deemed to have filed the instant federal petition.

The record clearly establishes that, after his conviction became final, Brown allowed more than 365 days to lapse without any pending state proceeding and without having filed a timely federal petition for habeas corpus relief.  Thus, his petition must be dismissed as time-barred.

_____

[27]Even if the Court were to deduct from the 90-day period for filing an application for writ of certiorari with the United States Supreme Court under Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099 (2000), Brown still allowed 168 days to lapse before submitting his application for post conviction relief.  This, together with the subsequent 209 day lapse in 2007 addressed infra,  is still more than a one-year period without tolling.

[28]Brown had 30 days to seek review of the trial court's April 10, 2007, denial of relief which he did not do.  See La. Code Crim. P. art. 922.  Under the AEDPA, the  application for post conviction relief remained "pending" for tolling purposes until that period of delay expired.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Shannon Brown for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___22nd___ day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE